UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RUTH A. ORTS,

                            Plaintiff,

      -against-                                  5:11-CV-0512 (LEK/ESH)

MICHAEL J. ASTRUE, Commissioner
of Social Security,

                            Defendant.

_____

## **DECISION and ORDER**

### **I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on November 14, 2012 by the Honorable Earl S. Hines, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) of the Northern District of New York. Dkt. No. 17 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Ruth A. Orts ("Plaintiff"), which were filed on December 3, 2012. Dkt. No. 18 ("Objections").

### **II.    BACKGROUND**

Plaintiff filed applications for Disability Insurance ("DIB") and Supplementary Security Income ("SSI") benefits on October 8, 2008 and December 5, 2008, respectively. The applications alleged disability beginning August 1, 2006 due to depression, anxiety, asthma, hepatitis C, and panic attacks. Dkt. No. 11 ("Plaintiff's Brief") at 1. After an April 22, 2010 hearing before an Administrative Law Judge ("ALJ"), Plaintiff's applications were denied by written opinion dated April 29, 2010. Id. On March 4, 2011, the Appeals Council denied Plaintiff's request for review of

the ALJ's opinion, rendering it the final decision of the Commissioner. Id. at 2. Plaintiff subsequently filed this appeal.

In his Report-Recommendation, Judge Hines recommended that the Commissioner's decision denying Plaintiff DIB and SSI benefits be affirmed in full. Report-Rec. For the following reasons, the Court adopts the Report-Recommendation in its entirety and dismisses Plaintiff's Complaint. Dkt. No. 1 ("Complaint").

## III. STANDARD OF REVIEW

The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotation marks omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## IV. DISCUSSION

### A. The Report-Recommendation

In his Report-Recommendation, Judge Hines found the ALJ's conclusion that Plaintiff is not disabled (and therefore is not eligible for DIB or SSI benefits) to be legally valid and supported by substantial evidence in the record. In making that finding, Judge Hines considered the propriety of the ALJ's Residual Functional Capacity ("RFC") determination.

In making her RFC determination, the ALJ rejected the opinion of Plaintiff's treating physician, Gary Freeman, M.D., and his nurse practitioner, Deborah Freeman, FNP-C (collectively, the "Freemans"), on Plaintiff's physical limitations. Judge Hines found that the ALJ was justified in rejecting the Freemans' restrictive assessment of Plaintiff's physical capabilities, despite Dr. Freeman's status as a treating physician, because the opinion was inconsistent with other substantial evidence in the record. Report-Rec. at 18-22. In addition, Judge Hines rejected Plaintiff's "fall-back" argument that the ALJ was required to give at least some weight to the Freemans' opinion due to their long-standing relationship with Plaintiff because: (1) the law does not clearly require that any weight be afforded to a treating-source opinion when substantial evidence contradicts it; and (2) the ALJ did, in fact, give some weight to the Freemans' opinion in assigning Plaintiff an RFC of a limited range of sedentary work. Id. at 21-22.

Next, the ALJ rejected Nurse Freeman's opinion on Plaintiff's mental impairments. Judge Hines found that the ALJ was justified in rejecting Nurse Freeman's "other source" opinion because she "clearly lacks specialization in the field of mental health, and also because ALJ Wakshul's [RFC] finding regarding [Plaintiff's] mental capacities is supported by opinions of acceptable medical sources who do specialize in that field." Id. at 23.

The ALJ also dismissed as not credible Plaintiff's subjective testimony on her physical and mental limitations. Judge Hines found the ALJ's credibility determination to be valid because it was based on objective medical evidence in the record as well as Plaintiff's own testimony on her daily activities. Id. 25-27.

Finally, Judge Hines rejected Plaintiff's argument that the ALJ's RFC determination was not supported by substantial evidence because the ALJ did not satisfy her duty to develop the record

3

when she failed to acquire and consider the treatment notes of Plaintiff's former psychiatrist, Frances Durgan, M.D. First, Judge Hines found that the ALJ satisfied her duty when, at the April 22, 2010 hearing: (1) she questioned Plaintiff about her treatment for anxiety and Plaintiff failed to mention Dr. Durgan; and (2) she questioned Plaintiff's attorney about whether the medical records were complete and the attorney answered affirmatively. Id. at 24. Second, Judge Hines found that even absent the treatment notes, the ALJ was able to make a valid RFC determination based on the evidence already in the record. Id. at 24-25.

**B. Objections**

Plaintiff makes three objections to the Report-Recommendation, all of which relate to Judge Hines's conclusion that the ALJ properly developed the record. See Obj.

First, Plaintiff objects to Judge Hines's finding that the ALJ's RFC determination was supported by substantial evidence. Id. at 1. Specifically, Plaintiff argues that Judge Hines erred when he found that the ALJ satisfied her duty to develop the record when she questioned Plaintiff and her attorney at the April 22, 2010 hearing. Plaintiff argues essentially that this questioning improperly shifted the burden to develop the record from the ALJ, who bears it under the law, to Plaintiff. Id. at 2. Next, Plaintiff argues that contrary to Judge Hines's finding, the absence of Dr. Durgan's treatment notes created a gap in the record that could not be filled by the other available medical records. Id. Plaintiff argues that the ALJ declined to give weight to Nurse Freeman's opinion on Plaintiff's mental health, yet Judge Hines partially relied on that opinion in determining that the ALJ could still have fairly decided Plaintiff's RFC without Dr. Durgan's notes. Id. at 2-3. Finally, Plaintiff argues that Judge Hines's assertion that "neither then nor now is there any indication that Dr. Durgan's impressions differed from those contained in the record" was improper

4

and erroneous.  Id. at 3.

Similarly, in her second and third objections, Plaintiff argues, respectively, that the ALJ's credibility and "step 5" determinations were both unsupported by substantial evidence because the ALJ failed to develop the record, which was incomplete as a consequence of that failure.  Id. at 3-4.

**C. Decision to Adopt the Report-Recommendation**

The Court reviews *de novo* those parts of the Report-Recommendation to which Plaintiff objects.  Because Plaintiff's second and third objections depend entirely on the arguments made in her first objection, resolution of Plaintiff's first objection will necessarily also resolve her second and third objections.

The Court rejects Plaintiff's first objection for the following reasons.  First, Plaintiff's argument that the ALJ failed to develop the record properly is without merit.  "Social Security disability determinations are investigatory, or inquisitorial, rather than adversarial."  Moran v. Astrue, 569 F.3d 108, 112-13 (2d Cir. 2009) (internal quotation marks omitted).  "It is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits."  Id. (internal quotation marks omitted).  However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim."  Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (quoting Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996)); see also 20 C.F.R. §§ 404.1527(c), 416.927(c) (requiring ALJ to obtain additional evidence, including recontacting medical sources, only when ALJ cannot decide whether a claimant is disable based on existing evidence).

Here, by asking Plaintiff and her attorney questions that provided each of them with the

5

opportunity to point to the absence of Dr. Durgan's treatment notes from the record, the ALJ satisfied her duty to investigate and develop the facts of the case. Contrary to Plaintiff's contention, this conclusion does not shift the burden to develop the record to her; rather, it merely recognizes that an ALJ is obligated only to take reasonable steps to develop the record. See Nelson v. Astrue, No. 5:09-CV-909, 2010 WL 3522304, at *8 (N.D.N.Y. Aug. 12, 2010). An ALJ has taken reasonable steps when, as here, she asks a plaintiff's attorney at a hearing if the medical records before her are complete, and the attorney answers affirmatively. See Streeter v. Comm'r of Soc. Sec., No. 5:07-CV-858, 2011 WL 1576959, *4 (N.D.N.Y. Apr. 26, 2011) (holding that an ALJ had satisfied her duty to develop the record when "the ALJ specifically asked Plaintiff's counsel, during the hearing, if the medical records were complete, to which Plaintiff's counsel responded affirmatively"). Given Plaintiff's attorney's affirmative response here, the ALJ "had no reason to believe that Dr. Durgan's treatment notes were appreciable in effect." Report-Rec. at 24.

Second, Plaintiff's argument that the absence of Dr. Durgan's treatment notes created a gap in the record is also without merit. Contrary to Plaintiff's contention, Judge Hines did not rely on Nurse Freeman's *opinion* on Plaintiff's mental health in finding that the ALJ could properly have made an RFC determination without considering Dr. Durgan's notes; instead, he relied on Nurse Freeman's *treatment notes*, which covered the period "before, during, and after [Plaintiff's] few visits to Dr. Durgan." See Report-Rec. at 24. Indeed, the ALJ rejected Nurse Freeman's opinion, in part, because it was contradicted by Nurse Freeman's own treatment notes. Thus, in affirming the ALJ's RFC determination, Judge Hines did not rely on evidence that the ALJ had rejected, but rather on evidence that the ALJ had given significant weight in her considerations.

Upon a thorough review of the record, the Court concludes that the ALJ's RFC

6

determination is supported by substantial evidence. Like Judge Hines, the Court finds that the ALJ was able to make a RFC determination based on Nurse Freeman's treatment notes and other evidence in the record because that evidence spans the entire relevant period and does not suggest that Dr. Durgan's treatment notes would have reflected a different assessment of Plaintiff's mental health. The absence of Dr. Durgan's notes from the record does not, therefore, render the record incomplete and the RFC determination invalid for lack of support by substantial evidence. This is not a case like Rosa, wherein numerous gaps in the record were apparent and resulted from several "lost opportunities" for the ALJ to develop the record. See Ruggiero v. Barnhart, No. 3:02-CV-1347, 2005 WL 2233219, at *10-11 (D. Conn. Apr. 28, 2005) (distinguishing the facts of that case from Rosa on these grounds). Here, the ALJ possessed medical records addressing Plaintiff's mental health for the entire relevant period.

Because the Court finds that the ALJ satisfied her duty to develop the record and that the record was in fact complete, the Court rejects not only Plaintiff's first objection, but her second and third objections as well.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 17) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED;** and it is further

**ORDERED**, that the Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:   January 07, 2013
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge